Opinion of the Court.
Horublower, C. J.
The plaintiff’s attorney has probably been misled, by what was said by the court, in the case of Gilliland v. Rippellyea, 3 Green’s R. 142. The objection there, was, that the defendant, by taking a rule on the plaintiff to pay the costs of the former trial in thirty days, or be non prossed; had given him his election either to pay, or to be turned out of court, with a right to commence another action; and that therefore the defendant had no right to abandon his own rule and to enter up, as he did, a final judgment against the plaintiff on the verdict that had been rendered in the cause. The point now before the court, was, therefore only incidentally alluded to, in *48 that case, and ought not to be considered as disturbing the well settled rule on this subject. Besides; we are now satisfied, upon looking into the books, that the language of the court, in that case, so far as it went to convey the idea, that the payment of costs, was not strictly, a condition precedent; but to be considered as an order of the court, that might be enforced as any other order, by attachment; was incautiously used, and does not express the true rule on this subject.
Where a new trial is granted at the instance of a defendant, on payment of costs by him ; the plaintiff may, if he thinks proper, notice his cause for trial again, without waiting for the costs: but in the case before us, the new trial had been granted on the plaintiff’s own motion, and on payment of costs by him. He had therefore ño right to move in the cause, until he had demanded the taxed bill and tendered-himself ready to pay it. If he noticed the cause before he did that, it was at his peril. The defendant was not bound to receive the notice, nor to prepare himself for trial, until the plaintiff paid or offered to pay the costs. The notice was therefore irregular, if the defendant chose to consider it so; and the plaintiff could not cure the irregularity by afterwards asking for the taxed bill and offering to pay it. If he could he might keep the party in a state of suspense and uncertainty, until the very day of trial.
In Peltier adsm. The Receivers of the Washington Bank, 2 Green’s R. 391, 400, the plaintiffs had leave to discontinue, on payment of costs. They entered a discontinuance, and lodged with the clerk of this court, for the use of the defendant, the amount of the. costs as taxed by the clerk, and thereupon issued a second capias, upon which, the defendant was again arrested. But this court set aside the arrest, on the ground that the costs had not been paid or tendered to the defendant or his attorney, before the second writ was issued. A- number of authorities are there cited, by which that decision was fully sustained. In addition to those, the case of Jackson v. Eddy et al. 2 Cowen R. 598, and the note to that case, and the authorities there mentioned, and also the case of Sands v. McClellan, 6 Cowen R. 582, show the rule to be settled, that the payment of costs, is a condition precedent, and that the party by whom they are to be paid, is to seek the adverse attorney, and tender the costs; or demand *49 a taxation, tendering himself ready to pay, on being presented -with the taxed bill.
As a rule to show cause, would only effect delay in this case, let the verdict be set aside, and a new trial be had, without payment of costs by the defendant. The costs of the last trial are not to be taxed against the defendant in ease the plaintiff should finally recover: nor are any costs to be allowed to the defendant, on this motion, since the practice seems to have been hitherto unsettled in this court.
Verdiet set aside, and new trial granted.